No. 2587.—J. C. VAN WICKLE v. CHARLES POYDRAS.

A party having laid the foundation for the introduction of secondary evidence, by showing the
loss of the original documents sued upon, is not required to prove that the original note or
documents had affixed to them the required internal revenue stamps,before evidence can be
received of their contents.

APPEAL from the Seventh District Court, parish of Pointe Coupée.
*Miller*, J.  *Thomas H. Hewes*, for plaintiff and appellant.  *U. B.
Phillips*, for defendant and appellee.

WYLY, J.  The plaintiff has appealed from a judgment rejecting his
demand against the defendant, based on a promissory note, which,

together with the original pleadings, was lost or stolen from the clerk's office, prior to the trial.

The judge decided to admit secondary evidence, but rejected the copy of the lost note and the evidence of the witnesses supporting it, because it did not appear, and the plaintiff failed to prove, that the lost note had affixed to it the proper internal revenue stamps, the court holding that it was incumbent on the plaintiff so to prove. Thereupon the counsel of the plaintiff offered to affix the necessary stamps to such papers as remained in the case, which offer being rejected, he took a bill of exceptions to the ruling of the court.

It appears to us the judge erred. The note and the original pleadings in the case having been lost, the necessary steps were taken to permit the introduction of secondary evidence, which the judge decided to receive.

Whether the lost note had the internal revenue stamps affixed or not is quite immaterial; that note was not offered in evidence of the debt; other evidence, which, under the circumstances, was admissible by our laws, was offered, and should have been received.

Without expressing any opinion as to the constitutional authority of Congress to enact laws relative to the competency of evidence in State courts, or its authority to declare a note inadmissible as evidence of a debt in a State court unless certain internal revenue stamps are affixed to it, we will remark that there is no act of Congress that we are aware of requiring stamps before a debt can be established by secondary evidence. We know of no law forbidding the introduction of secondary evidence, otherwise admissible, because the party offering it may be unable to prove that the lost note was duly stamped.

The other objections to the introduction of the evidence are unworthy of consideration. Plaintiff's bill of exceptions was well taken.

It is therefore ordered that this case be remanded for new trial, and to be proceeded in according to law, and that appellee pay costs of this appeal.